# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-244V

| | |
|---|---|
| DEANA TONA,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br><br>Filed: February 11, 2021 |

## SCHEDULING ORDER-SPECIAL PROCESSING UNIT

On July 8, 2020, Respondent's counsel filed a status report stating that she conducted a preliminary review of the case and did not identify any medical records that appeared to be missing. Respondent's counsel also stated that he did not identify any legal or factual issues that require additional support or development. Respondent further estimated that it will take approximately one year for Respondent to complete his review.

In light of Respondent's counsel's assessment, Petitioner's evidence filed to date, and my own review of this case, I believed it would be appropriate for this case to remain in SPU. ECF No. 14. Further, I believe it would be productive for Petitioner to begin preparing a demand, which was communicated to Respondent on August 28, 2020. ECF No. 15. In the experience of OSM, approval of any settlement cannot occur without Respondent's formal review of a case, so Respondent's counsel cannot freely negotiate based on a demand that is provided too far in advance of HHS's review.

On November 20, 2020, the parties filed a joint status report. Counsel for Respondent noted that she does not have her client's position but believed there may be an issue regarding whether this claim meets the Table requirements for a SIRVA. ECF No. 20.

A telephonic status conference was held on February 8, 2021. Leah Durant appeared on behalf of Petitioner, and Lara Englund appeared on behalf of Respondent. During the call, Respondent's counsel stated that Petitioner's delay in seeking treatment for her injury may result in her client viewing this as a litigative risk case instead of conceding entitlement. Counsel further estimated another 3-4 months is needed for her client to complete his review.

Waiting an additional 3-4 months (more than a year from the date the matter was activated after its release from pre-assignment review on March 27, 2020) would not be productive. Whatever the reason for that delay, proceedings in the Vaccine Program will not be held up for months at a time simply because one party to a claim (here, Respondent) is unable to adhere to a deadline or move the case. Thus, I will permit Petitioner to seek a ruling on the record this if the matter remains in stasis after March 27, 2020.

**Accordingly: Respondent shall file, by no later than <u>Wednesday, March 31, 2021</u>, a status report indicating how Respondent intends to proceed in this case or an updated estimate on the amount of time needed for the medical review. If Respondent again indicates that the matter remains unreviewed, or that the possibility of settlement cannot be assessed for several more months, Petitioner shall be permitted to move for a ruling on the record, and any such motion may also make a substantiated damages request.**

Any questions about this order or about this case generally may be directed to OSM staff attorney **Andrew Sterling at (202) 357-6389 or Andrew_Sterling@cfc.uscourts.gov.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master